UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CLIFTON L. RAY,                )
                               )
        Petitioner,             )
                               )
    vs.                        )   Case No.  15-0334-CV-W-GAF-P
                               )
RONDA PASH, et al.,            )
                               )
        Respondents.            )

**O R D E R**

Petitioner is incarcerated by the State of Missouri at the Crossroads Correctional Center.  He seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his conviction in the Circuit Court of Jackson County, Missouri, for murder in the first degree.[1]

The Missouri Court of Appeals affirmed Petitioner's conviction and the denial of his motion for post-conviction relief.  Docs. 8-8 and 8-13 (unpublished opinions).

In 1990, the sexually-assaulted and strangled body of the female victim was found in a field of tall weeds in an area of Kansas City frequented by transients.  Doc. 8-8, pp. 4-5 (opinion).  Semen was recovered from the victim's body, but DNA testing was not available in 1990.  *Id*. at 5.  The police interviewed Petitioner regarding the

---

[1] Petitioner also was convicted of murder in the second degree, but his claims do not relate to that conviction.

homicide, but he denied knowing the victim, and he was not arrested. *Id*. The police did, however, obtain a strand of Petitioner's hair. *Id*. In 2003, DNA testing matched Petitioner to the semen recovered from the victim's body. *Id*. Following a mistrial, Petitioner was convicted by a jury of murdering the victim. *Id*. at 6-7.

Petitioner claims four grounds for relief.[2] First, Petitioner claims that the evidence presented at trial is insufficient to support his conviction. Doc. 1, p. 5 (petition). Petitioner concedes that the "State's evidence established . . . that [he] engaged in sexual activity with [the victim] sometime prior to her death," but he states that he did not kill the victim. *Id*.

The Missouri Court of Appeals rejected this claim. Considering the evidence in a light most favorable to the verdict, the Missouri Court of Appeals noted that the victim "died where she was found," that "the sexual intercourse occurred at or near [the time of the victim's] death," that "the jury could reasonably conclude that [Petitioner] was the last person to see [the victim] alive, and that Petitioner showed "[c]onsciousness of guilt" in his encounters with the police. Doc. 8-8, pp. 7-10 (opinion).

As his second ground for relief, Petitioner claims that the trial court erred by allowing the State to present expert testimony

---

[2] Originally, Petitioner claimed seven grounds for relief. Subsequently, Petitioner withdrew his fifth, sixth, and seventh grounds. Docs. 10 and 13 (motion and order).

by Medical Examiner Dr. Mary Dudley and Criminalists Frank Booth and Linda Netzel. Doc. 1, p. 7 (petition).[3] Petitioner criticizes Dudley, Booth, and Netzel's testimony that "sexual contact between Petitioner and [the victim] took place at or near the time of [her] death" because "the witnesses had [no] superior knowledge or special experience outside the common knowledge and experience of the jurors . . . ." *Id*.

The Missouri Court of Appeals disagreed:

> The State presented the testimony of Booth, Dudley, and Netzel that semen will rapidly dissipate in the mouth of a live person due to natural processes: that is, spitting, swallowing, or the activity of bacteria in the mouth. As these processes cease upon death, semen may persist in the mouth of a dead person. The witnesses testified that semen was recovered from [the victim's] mouth, from which they concluded that she died at or near the time the semen was deposited.
>
> The persistence or dissipation of semen within the mouth of a living person as opposed to a dead person cannot be said to be a subject upon which the jurors could rely on their common knowledge or experience. The witnesses all had extensive training and education in their areas of expertise and had experience with recovering semen from victims, both dead and alive. To that end, the witness's testimony aided the jury in drawing conclusions from the facts. The trial court did not abuse its discretion in admitting the testimony of the witnesses as to the dissipation of semen.

Doc. 8-8, pp. 12-13 (opinion).

---

[3] To the extent that Petitioner claims a violation of his rights under the Confrontation Clause, that claim is not preserved for federal review.

As his third ground for relief, Petitioner claims that the trial court erred by allowing Dr. Dudley to testify regarding the cause of the victim's death. Doc. 1, p. 8 (petition). Specifically, Petitioner points out that the victim's autopsy was performed by a medical examiner who died before the trial, and that Dr. Dudley's testimony regarding the conclusions she drew from the autopsy report was hearsay. *Id*.

Again, the Missouri Court of Appeals disagreed: "[Petitioner's] contention that the autopsy report was critical to Dudley's conclusions is not supported by the record. Even more significant, however, is that Dudley's ultimate conclusion, the cause of death, was not at issue in the trial. . . . The issue at trial was whether [Petitioner] was the person who caused [the] death." Doc. 8-8, p. 14 (opinion).

The Missouri Court of Appeals' resolution of Petitioner's insufficient-evidence and evidentiary claims was not based on an "unreasonable determination of the facts in light of the evidence" or an unreasonable application of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (constitutional standard for judging sufficiency of evidence in criminal trials); *Ellis v. Norris*, 232 F.3d 619, 622 (8th Cir. 2000) (federal habeas court must defer to state court's interpretation of state law), *cert. denied*, 532 U.S. 935 (2001);

*Richardson v. Bowersox*, 188 F.3d 973, 979-81 (8th Cir. 1999) (state court's "holding on a matter of state evidentiary law is not grounds for federal habeas relief unless it was so unfair as to constitute a denial of due process"), *cert. denied*, 529 U.S. 1113 (2000). Petitioner is entitled to no relief on his first, second, and third grounds.

As his fourth ground for relief, Petitioner claims that he was denied effective assistance of counsel on direct appeal because his attorney "failed to raise a preserved claim alleging the trial court erred in overruling trial counsel's motion to strike venireperson 23 for cause . . . ." Doc. 1, p. 10 (petition).

The Missouri Court of Appeals found no constitutional deficiency in counsel's performance, concluding that the juror in question rehabilitated himself during voir dire, and that there was no "reasonable probability of success had [the claim] been asserted on direct appeal[.]" Doc. 8-13, p. 12 (opinion)(citation omitted). This Court agrees. Moreover, the "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (citation and quotation marks omitted). Petitioner is entitled to no relief on his fourth ground.

For the reasons explained above, Petitioner has failed to present grounds that warrant federal relief.  Accordingly, this petition for a writ of habeas corpus is denied, and this case is dismissed.  Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to Petitioner.  "A certificate of appealability may be issued "only if [Petitioner] has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has made no such showing, and the Court declines to issue a certificate of appealability.

So **ORDERED**.

/s/ Gary A. Fenner
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: January 20, 2016.